[Civil No. 2386.  Filed December 10, 1925.]

[241 Pac. 508.]

VIRGA P. LEE, as Administratrix of the Estate of
J. D. LEE, Deceased, Appellant, v. BARNEY
RICCA, Appellee.

1. PARTIES—WHERE CONTRACT SET UP IN PLEADINGS SHOWS SEVERAL
CO-CONTRACTORS, ONLY ONE OF WHOM IS MADE PARTY PLAINTIFF,
DEMURRER SHOULD BE SUSTAINED.—Where contract set up in
pleadings in suit on contract shows several co-contractors, only
one of whom is made party plaintiff, demurrer should, under Civil
Code of 1913, paragraph 416, be sustained, unless some excuse
for nonjoinder is made to appear.

2. PARTIES—MISJOINDER OF PARTY IS NOT GROUND OF DEMURRER
UNLESS PARTY RAISING OBJECTION HAS BEEN INJURED THEREBY.—
Misjoinder of party is not necessarily a ground of demurrer
unless it appears that party raising objection has been injured
thereby.

---

See (1, 2) 30 **Cyc.**, p. 107, n. 81, p. 113, n. 17, p. 293, n. 97, 98.

APPEAL from a judgment of the Superior Court
of the County of Mohave.  E. Elmo Bollinger, Judge.
Judgment reversed and cause remanded with instructions.

Mr. Louis L. Wallace, for Appellant.

Mr. Ross H. Blakely and Mr. C. G. Dolman, for
Appellee.

LOCKWOOD, J.—Barney Ricca, hereinafter called
plaintiff, filed suit in the superior court of Mohave
county against Virga P. Lee, as administratrix of
the estate of J. D. Lee, deceased, hereinafter called
defendant, alleging substantially that in 1922 plain-

---

1.  See 20 R. C. L. 701.
2.  See 20 R. C. L. 706.

tiff entered into an agreement in writing with defendant's decedent; that plaintiff performed the work set forth under said contract until the death of decedent; that after such death defendant herein was duly appointed administratrix of the estate of decedent, and that plaintiff at her instance and request continued fulfilling obligations under the contract, and that there was due to him the sum of eleven hundred dollars under such contract; that plaintiff had duly filed his claim in the estate of decedent according to law, which claim was rejected by defendant, and that therefore he brought his suit.

The contract was expressly made a part of the complaint and reads, in so far as necessary for the determination of this case, as follows:

"This agreement, made in duplicate this 17th day of April, 1922, between J. D. Lee Contracting Company, party of the first part, and Bert Bobs, Barney Ricca, Albert McCarty, and Bert Clements, parties of the second part: The party of the first part agrees to let to the parties of the second part the first cut east of Hackberry of the double tracking work of the Santa Fé Railroad. . . . The parties of the second part agree to do the above work in good workmanlike manner. . . . The party of the first part agrees to pay, and the parties of the second part agree to accept, 82½ cents per yard for shooting rock, and 15½ cents per yard for placing same in embankment; . . . payments to be made by the party of the first part to the parties of the second part.

"We, the undersigned, parties to the above agreement, agree to the conditions as contained herein.

"Signed and sealed this —— day of April, 1922.
<blockquote>
"BERT BOBS.<br>
"BERT CLEMENTS.<br>
"ALBERT McCARTY.<br>
"BARNEY RICCA.<br>
"T. N. ENGLISH."
</blockquote>

Defendant filed her plea in abatement alleging that there was a defect of parties in that Bert Bobs,

Bert Clements, Albert McCarty, and T. N. English were proper, necessary and indispensable parties to the suit, for the reason that they were co-contractors under the contract in issue. The same point was raised by a demurrer. An answer was filed, also setting up failure on the part of plaintiff and his co-contractors to perform their obligation, and asking for damages for such failure.

The case came on for trial before the court, and on the twenty-fifth day of June, 1924, the court made the following findings of fact:

"And now, on this 25th day of June, 1924, the court, being fully advised, after due deliberation, finds the issues herein in favor of plaintiff and against the defendant,"

—and judgment was upon said day entered in favor of plaintiff in the sum of $463.50. Thereafter, and on the thirtieth day of June, defendant filed the following:

"To Barney Ricca, the Above-Named Plaintiff, Ross H. Blakely, Attorney for Said Plaintiff, and to the Above-Entitled Court:

"You, and each of you, please take notice that the defendant in the above-entitled action, in accordance with section 528, Civil Code of Arizona, 1913, and rule 19 of the superior court of Mohave county, Arizona, requests that the court make written findings of facts, stating the facts found by the court and the conclusions of law."

No findings were ever filed in pursuance of this request. At the same date a motion for new trial was duly filed, which was continued and apparently overruled by action of law the twentieth day of August, and thereafter defendant appealed to this court.

Defendant's brief contains four assignments of error, which set up substantially two points: First, that under the complaint there was a nonjoinder of

parties plaintiff; and, second, that the court erred in failing to make written findings of fact when requested to do so. The plaintiff did not enter an appearance in this court, nor was a brief filed in reply to defendant's brief. We might assume, therefore, that this is equivalent to a confession of error. However, it is not necessary to base our decision on this ground, for it is apparent to us the court erred in overruling the demurrer to the complaint. Paragraph 416, Revised Statutes of Arizona, Civil Code of 1913, reads as follows:

"416. Of the parties to the action, those who are united in interest shall be joined as plaintiffs or defendants, but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint; and where the question is one of a common or general interest of many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It is evident that the contract set up in the pleadings shows several co-contractors. In such a case, under the common law, all the co-contractors should have been joined as plaintiffs. Under the Codes we think it equally necessary that they should have been so joined or else some excuse for the nonjoinder made to appear. There is nothing in the record to raise an inference that the interest of the other co-contractors in the contract had ever been terminated. Defendant was certainly entitled to have all of their rights under the contract settled in this one action, and we think, since it was the duty of the plaintiff to make them parties in the first place, defendant might raise the point, as she did, by demurrer. While under Code pleading the misjoinder of a party is not necessarily a ground of demurrer unless it appears

that the party raising the objection has been injured thereby, failure to bring in parties, who are as necessary as it appears from the pleadings in this case the co-contractors were, presumably works an injury to the defendant. The court erred in overruling the demurrer, and the case is reversed and remanded to the superior court of Mohave county, with instructions to sustain the demurrer, with leave to plaintiff to amend by bringing in the necessary parties within a reasonable time.

McALISTER, C. J., and ROSS, J., concur.